358 P.2d 79

**H. J. CORNELL and Ambrose Black, d/b/a Country Club Foods, a partnership, Plaintiff,**

v.

**STATE TAX COMMISSION of Utah, Defendant.**

No. 9272.

Supreme Court of Utah.

Dec. 28, 1960.

**250**

George H. Searle, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Norman S. Johnson, State Tax Commission, Salt Lake City, for respondent.

HENRIOD, Justice.

Review of an assessment by the Tax Commission for sums due under Title 59–18, Utah Code Annotated, 1953, with respect to possession and sale of oleomargarine. Affirmed.

Plaintiff urges that the statute involved violates the Utah Constitution, Article VI, Section 23 (relating to legislation containing but one subject), Article I, Section 24 (relating to interdiction against discriminatory classification), and both Article I, Section 7 of the Utah Constitution and Article XIV, Section 1 of the United States Constitution (prohibiting taking of property without due process).

■ The statute requiring payment of a fixed amount per pound on sale of oleomargarine is said to be unconstitutional because it contains more than one subject, i. e., it has to do both with tobacco and oleo. The act is titled "Tobacco And Oleomargarine Licenses."[1] Section 1 has to do with tobacco, Section 4 with both cigarettes and oleo, the latter fixing a rate per article on the sale of each. We see nothing in the legislation or its captions that appears duplicitous or confusing, and although tobacco and oleomargarine are treated under one title, with separable sections, the inhibitions against legislation relating to more than one subject do not appear to be present here, nor do the authorities support any con-

1. Title 59–18, Utah Code Annotated.

·clusion that in this case there is any confusing admixture of subject-matters.

A review of the authorities indicates that plaintiff's other two arguments seem to be unmeritorious.

CROCKETT, C. J., and WADE, Mc-DONOUGH and CALLISTER, JJ., concur.